E-FILED
Tuesday, 12 April, 2011 03:04:58 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GREG ALLEN KIGER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 10-3241 |
| | ) |
| LARRY PHILLIPS, Facility Director, | ) |
| | ) |
| Respondent. | ) |

OPINION

SUE E. MYERSC0UGH, U.S. District Judge:

This cause is before the Court on Respondent's Motion to Dismiss (d/e 19). For the reasons set forth below, Respondent's Motion to Dismiss is GRANTED.

BACKGROUND

Petitioner, Greg Allen Kiger, has a 2001 conviction for aggravated criminal sexual abuse in Vermilion County, Illinois, for which he was sentenced to 59 months' imprisonment. Petitioner also has a 2008 conviction for attempted criminal sexual abuse in Perry County, Illinois.

On September 5, 2008, within 90 days of his discharge or entry into mandatory supervised release on the Perry County conviction, the State filed a petition in Vermilion County to civilly commit Petitioner under the Illinois Sexual Violent Persons Commitment Act (the Act) (725 ILCS 207/1 et seq. (West 2008)). Following a September 8, 2008, hearing, the trial court found probable cause to believe Petitioner is a sexually violent person (SVP) and that Petitioner should be committed to the Department of Human Services for control, care, and treatment. The court also granted Petitioner's motion to transfer venue to Perry County. Since then, the case has been transferred back and forth between Vermilion and Perry Counties several times. The case has proceeded in Vermilion County since March 2010 and had been set for a trial to occur in February 2011. However, the docket sheet for the commitment proceedings pending in Vermilion County (Vermilion County case No. 2008 MR 182) shows that the scheduled February 2011 trial was continued without objection and is now scheduled for June 2011.[1]

---

[1] This court can take judicial notice of a state court docket, which is a public record. See Martin v. Brock, No. 07 C 3154, 2007 WL 1853298, at *2

On September 16, 2010, Petitioner filed a pro se Complaint (d/e 1) naming as defendants the State of Illinois, Vermilion County, and Judge Claudia Anderson. The Complaint, purportedly brought under 42 U.S.C. § 1983, alleged that: (1) the September 5, 2008 petition ( the "SVP Petition") was wrongfully filed in Vermilion County and therefore Vermilion County did not have jurisdiction to make the initial probable cause finding; and (2) the transfers between Vermilion and Perry Counties have delayed the case for more than two years "so now the time has been way out for the State to finish [the] case according to law[.]" The relief Petitioner requested was "to be given [his] freedom back." He asked to be released from his place of detainment.

On September 29, 2010, after reviewing Petitioner's Complaint, a division of this Court determined Petitioner was seeking habeas release from his place of detainment and transferred the case for reassignment. In an Order (d/e 4) dated October 5, 2010, the Court ordered that: (1) Petitioner's Complaint be construed as a petition under 28 U.S.C. §

---

(N.D.Ill.2007).

2254 for Writ of Habeas Corpus by a Person in State Custody; (2) granted Petitioner's Motion for Leave to Proceed in Forma Pauperis (d/e 2); (3) directed the clerk to substitute Respondent for the defendants Petitioner had named in his pro se Complaint; and (4) gave Respondent sixty (60) days to file a response to the petition. Because the Complaint was ordered to be construed as a petition under 28 U.S.C. § 2254, this Court will hereinafter refer to the Complaint (d/e 1) as the "Habeas Petition."

On January 13, 2011, Respondent filed a Motion to Dismiss. First, Respondent states that the Habeas Petition is not properly characterized as one arising under 28 U.S.C. § 2254 and instead should be considered as a petition pursuant to 28 U.S.C. § 2241. Moreover, Respondent contends the Habeas Petition should be dismissed in accordance with the abstention doctrine of Younger v. Harris, 401 U.S. 37, 91 S.Ct 746, 27 L.Ed.2d 669 (1971), because Petitioner's state proceedings have not been completed and should not be enjoined by this Court.

## ANALYSIS

Respondent first contends that because the state court trial on Petitioner's civil commitment has not yet occurred, the Habeas Petition is appropriately labeled as one for relief under 28 U.S.C. § 2241, rather than pursuant to 28 U.S.C. § 2254. This Court agrees. Because the trial on the State's petition for civil commitment has not yet occurred, Petitioner's situation is similar to that of a pretrial detainee in a criminal case. <u>Tran v. Bartow</u>, 210 Fed.App'x. 538, 539-40 (7th Cir. 2006). "Challenges to pretrial custody are appropriate only under 28 U.S.C. § 2241, not 28 U.S.C. § 2254." <u>Rittmiller v. Sawyer County Circuit Court</u>, No. 05-C-093-C, 2005 WL 1813014, at *1 (W.D.Wis. 2005). Because Petitioner is in the position of a pretrial detainee, his challenge to his detainment is appropriate under 28 U.S.C. § 2241, not 28 U.S.C. § 2254.

Next, Respondent argues this Court should dismiss the Habeas Petition based on the abstention doctrine set forth in <u>Younger</u>. In <u>Younger</u>, the Supreme Court held that federal courts should abstain from hearing suits to enjoin state criminal proceedings, except in unusual

circumstances. Younger, 401 U.S. at 45, 91 S.Ct. at 751, 27 L.Ed.2d at 676. The Seventh Circuit Court of Appeals has noted that the Younger doctrine has been extended beyond the ambit of state criminal proceedings to state civil proceedings:

> The Supreme Court has applied the Younger doctrine to state proceedings that though not criminal enforce other important state interests, such as prohibiting employment discrimination, disciplining lawyers, and abating nuisances. Civil commitment proceedings, often directed at sex offenders who have completed their prison sentences but are regarded as still dangerous, are just as worthy of protection against being enjoined by federal judges as the other types of noncriminal proceeding to which Younger has been applied.

Sweeney v. Bartow, 612 F.3d 571, 573 (7th Cir. 2010) (citations omitted) . The principles underlying the abstention doctrine announced by Younger "plainly call for the federal courts' noninvolvement where a state court's civil commitment proceeding is still pending." Duke v. Monahan, No. 06 C 6650, 2007 WL 844673, at *1 (N.D.Ill. 2007).

The record shows that Petitioner's state court civil commitment proceeding is still pending. If the state proceedings are resolved in Petitioner's favor, it would make this case moot. See McCabe v. Budz,

No. 06-0484-DRH, 2007 WL 2303858, at *2 (S.D.Ill. 2007).  However, if Petitioner ultimately "is committed for control, care and treatment, he may seek state court review of that decision and may present his constitutional claims at that time."  Id.  Therefore, the Habeas Petition is premature.  As the court in Duke stated, Petitioner "will have every opportunity in the state court litigation under the Act to raise any constitutional claim that he would hope to advance in federal habeas proceedings."  Duke, 2007 WL 844673, at *1.

    THEREFORE, Respondent's Motion to Dismiss (d/e 9) is GRANTED WITHOUT PREJUDICE.

    IT IS SO ORDERED.

    ENTER: April 12, 2011

        FOR THE COURT:

                s/ Sue E. Myerscough
                SUE E. MYERSCOUGH
                UNITED STATES DISTRICT JUDGE